[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, John Martinelli, Jr., brings this complaint alleging an assault and battery by the defendant, Michelle LaBarre, resulting in physical injury and emotional distress to him.
The defendant, Michelle LaBarre, denies the material allegations of the complaint and counter claims alleging that plaintiff assaulted her causing physical injury and emotional anguish.
The factual evidence presented by the parties during the trial thru witnesses and exhibits in relevant part follows:
The parties had a romantic and sexual involvement for more than a year. The plaintiff is his mid-forties was recently divorced after a long term marriage. He was unemployed and CT Page 9660 received unemployment benefits or welfare payments for living expenses. He lived in Waterbury with his mother and her octogenarian husband who had a hearing deficit.
The defendant was in her mid-twenties, employed, living, with her parents and a younger sister in Bristol. She attended Tunxis Community College evening's until 9:00 or 9:30 p. m.
On March 2, 1994, the defendant, after classes at Tunxis College, drove to Waterbury to the plaintiff's home. It was snowing heavily when she arrived. At the door she was met by the plaintiff's step-father, Rocco Penelli, and the plaintiff invited her in. She went directly to the plaintiff's bedroom and telephoned her home to inform them that she was at the plaintiff's home. The defendant's sister answered. She was upset because of phone calls from the plaintiff. The defendant asked that the plaintiff tell her what he said to her sister. The plaintiff instead suggested she come to bed and he would tell her in the morning. When she persisted he indicated that there was no immediate need for her to hear from him about the conversation since it was recorded. She then rushed to the recorder and extracted the tape. The plaintiff then tackled her and took the tape from her. The parties struggled for the tape for 10 to 15 minutes in the bedroom, 1 hallway and kitchen. In the kitchen the plaintiff held the defendant on the floor until she freed herself by biting his leg. He then held her pressed against a door while she struggled and kicked. Eventually, the defendant was lead by the plaintiff to the front door. She ran from the door to her car with the plaintiff chasing her. She got into the car and left the plaintiffs driveway. She stopped at a Cumberland Farms store to make a phone call. A policeman in a patrol car stopped. She told him her story of being assaulted by the plaintiff.
This resulted in the plaintiff's arrest by the Waterbury police, criminal charges were; 1 pressed against the plaintiff. He was tried, convicted and sentenced.
The plaintiff now brings this civil action against the defendant seeking damages for assaulting him in his house and causing his criminal conviction.
The court finds as to the plaintiff's complaint that the evidence presented at this trial was not such that the court could find by a preponderance of the evidence that his complaint allegations were provided. CT Page 9661
Therefore, the court finds for the defendant on the count in the plaintiff's complaint.
As to the defendant's counter claim, the court finds that the plaintiff invited the defendant into his home, that the plaintiff did physically assault the defendant; that she did strike and bite the plaintiff in self defense; that as a result she was injured physically and emotionally and suffered damages in the sum of $3,000.00.
Therefore, judgment may enter for the defendant on the plaintiff's complaint; and on her counter claim in the sum of $3,000.00 together with court costs.
JULIUS J. KREMSKI JUDGE TRIAL REFEREE